**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:   Vathsala Srinivasan, Debtor

                                                         Chapter
                                                         Case No. 10-12732 (RTL)

        Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X
Vathsala Srinivasan, Plaintiff,

                                                           Adversary Proceeding
            v.                                          Case No. 10-1545 (RTL)

Sallie Mae, Inc,  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**MEMORANDUM OPINION**

**APPEARANCES:**

Vathsala Srinivasan
Plaintiff Pro Se,

Yablonsky & Associates, LLC
Ilissa Hook, Esq.
Attorneys for Sallie Mae, Inc.

**RAYMOND T. LYONS, U.S.B.J.**

**INTRODUCTION**

The Plaintiff/Debtor moved for judgment by default against the Defendant, Sallie Mae, Inc. seeking a determination that her student loan debt is dischargeable under 11 U.S.C. § 532(a)(8). Sallie Mae, Inc. disclaims any debt due to it from the Plaintiff/Debtor; it claims to

have merely been the servicer of Debtor's student loan.  Because the court finds that the Debtor does not owe a debt to Sallie Mae, Inc., a determination of dischargeability would serve no purpose.  Therefore, the court denies the Debtor's motion to enter judgment by default and will close the adversary proceeding.

## JURISDICTION

This court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all proceedings arising under Title 11 of the United States Code to the bankruptcy court.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I) to determine the dischargeability of a particular debt.

## FINDINGS OF FACT AND PROCEDURAL HISTORY

**Consolidated Student Loan.**  Plaintiff/Debtor obtained two student loans to pay for her education.  She sought to consolidate her loans under the Federal Family Education Loan Program.  On March 3, 2002 she signed a Federal Consolidation Loan Application and Promissory Note.  The Promissory Note reads "I promise to pay to the order of the lender", but fails to identify the lender.  In block 21 of the Application the "Lender/Servicer" for the two loans to be consolidated were identified as "Sallie Mae" and "Nellie Mae".  No lender for the consolidated loan is named in the document.

A Loan Consolidation Disclosure Statement and Repayment Schedule, dated March 21, 2002, sent by SallieMae Servicing Corp. states, "The Guarantor of your consolidation loan is UNITED STUDENT AID FUNDS and your Consolidating Lender is SALLIE MAE."  However, as the court learned, Sallie Mae is a trade name used by a number of entities and does not

identify a particular entity.

**Bankruptcy.** The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on January 30, 2010. Because the Debtor's petition indicated that there were no assets available for liquidation and distribution to creditors, the Clerk of the Court served all creditors with a Notice of Bankruptcy that directed them not to file a proof of claim unless they received a notice to do so. The trustee filed a Report of No Distribution indicating that she had found no assets to administer.

On April 22, 2010, the Debtor filed a Complaint naming as the Defendant, Sallie Mae Inc. (The adversary proceeding is described below). On May 8, 2010, despite the Clerk's direction not to file proofs of claim, two proofs of claim were filed by "Salle Mae, Inc. on behalf of USAF."

On March 10, 2010, the court entered an order discharging Debtor and on May 17, 2010, the bankruptcy case was closed.

**Adversary Proceeding.** As mentioned above, the Plaintiff/Debtor filed a complaint seeking a determination that her consolidated student loan is dischargeable under section 523(a)(8) of the bankruptcy code. She named as the Defendant, Sallie Mae, Inc. Sallie Mae, Inc. did not answer. On May 25, 2010, an answer was filed by Educational Credit Management Corporation ("ECMC"). In paragraph 2 of its answer ECMC stated that "it has or will take assignment of two (2) Federal Consolidation Loans from United Student Aid Funds, Inc."

ECMC filed a motion for an order substituting ECMC for the Defendant Sallie Mae, Inc. In this motion, ECMC stated that "it has or will soon have an interest in the loans which are a subject of this adversary proceeding." ECMC asserted that it is the real party in interest and

should be substituted as the main defendant. Plaintiff/Debtor objected to ECMC's motion and asked the court to enter default and judgment by default against the named Defendant, Sallie Mae, Inc. She challenged ECMC's standing and asserted that her student loan was still with Sallie Mae, Inc. The Debtor produced a report from the National Student Loan Data System dated May 27, 2010 showing as follows:

| | |
|---|---|
| Current Servicer: | Sallie Mae, Inc. |
| Current Lender: | BONY Mellon ELT SLM Trust |
| Current Guaranteeing Agency: | USA Funds, Inc. |

ECMC filed a certification of its in-house counsel asserting that Sallie Mae, Inc. is merely the servicer for the loans and never was a holder of the Promissory Note. She certified that "the original lender Chase USA Trust/Sallie Mae Trust" assigned the consolidated loan to United Student Aid Funds. Attached to the certification was a report from the National Student Loan Data System dated May 6, 2010, showing the Lender at that time as Chase USA Trust/SLMA Trust MS1814. Also attached were copies of letters dated June 7, 2010, assigning the student loans from United Student Aid Funds Inc. to ECMC.

At the hearing on ECMC's motion to intervene, the court inquired as to documentation showing the chain of title from the original holder of the Promissory Note for the consolidated student loans to ECMC. The court gave ECMC additional time to provide that documentation.

On July 19, 2010, Sallie Mae, Inc. submitted a statement in support of ECMC's motion to intervene. The Declaration of the Director of Bankruptcy Litigation for Sallie Mae, Inc. asserts that the "owner/holder of the loans, as of the petition date, was Sallie Mae Trust, ('SMT')." Attached to the Declaration was a copy of the Promissory Note that was illegible. (As noted above, the Debtor subsequently provided the court with a legible copy of the Federal

4

Consolidation Loan Application and Promissory Note.  The Promissory Note reads "I promise to pay to the order of the lender," but fails to identify the lender.)  Also attached to the Declaration as Exhibit E was a Claim Purchases and Adjustments report naming as Lender "BONY TRUST CO NA AS ELT FOR SLM."  The Declarant also asserted that Sallie Mae, Inc. was merely the servicing agent and never had a proprietary interest in the loan at any time.  He further asserted that upon receipt of notice of this adversary proceeding Sallie Mae Trust had made a claim against the Guarantor, USA Funds,  "who honored the guarantee and become the owner/holder of the debt pursuant to the guarantee."   No documentation was provided to show that Sallie Mae Trust was the owner/holder of the loans, that USA Funds was the guarantor, that USA Funds honored its guarantee by making payment, or that there was a transfer of the promissory note to USA Funds.

ECMC submitted another certification by in-house counsel who agreed that the owner of the loan as of the filing of bankruptcy was Sallie Mae Trust.  She stated that Sallie Mae Trust made a claim with the guarantor, United Student Aid Funds, Inc., "who paid consideration to Sallie Mae Trust and became the owner of the Loans."  No documentation was provided to show who owned the loan or the transfer of the loan from the owner to USA Funds or the payment on the guaranty.  The only documentation was a status report that named the Original Lender as SLM ECFC and the Lender as SLM Entities-Bank of NY ELT.  Because ECMC failed to prove its standing, the court denied ECMC's motion to intervene.  The court granted the Debtor's request to have default entered against the Defendant, Sallie Mae, Inc., but denied her request for judgment by default because it did not appear that she owed a debt to Sallie Mae, Inc.

Subsequently the Plaintiff/Debtor renewed her request for judgment by default against

Sallie Mae, Inc. She attempted to prove that Sallie Mae, Inc. was the owner of her consolidated student loan by referencing documents filed with the SEC, including a 10-K from Dec. 2009 for SLM Corporation, describing the company as "more commonly known as Sallie Mae," and financial statements showing that it owned student loans. Those documents did not show who owned the Debtor's consolidated student loan. She also attached updated printouts from the National Student Loan Data System as of June 23, 2010 identifying the Current Lender as BONY MELLON ELT SLM TRUSTS and the Current Guaranty/Agency as TRANSITIONAL GUARANTY AGENCY. In reply Sallie Mae, Inc. moved to dismiss the complaint asserting that it has no interest in the Debtor's student loans, except as servicer. At oral argument Sallie Mae, Inc.'s counsel confirmed that Sallie Mae, Inc. would take no action as holder or owner of the consolidated student loan to collect against the Debtor, to execute against her assets or to intercept a tax refund, social security benefit or other government benefit.

**Decision**

As a review of all the evidence presented to the court shows, the holder of the Debtor's student loan has been identified as various entities:

> BONY Mellon ELT SLM Trust
> BONY TRUST CO NA AS ELT FOR SLM
> Chase USA Trust/Sallie Mae Trust
> Chase USA Trust/SLMA Trust MS 1814
> Sallie Mae Trust
> SLM ECFC
> SLM Entities - Bank of NY ELT

None of the entities identified as the holder or owner of the consolidated loan is Sallie Mae, Inc. The court finds that the Debtor does not owe a debt to Sallie Mae, Inc. and did not owe a debt to Sallie Mae, Inc. on the date she filed bankruptcy. Sallie Mae, Inc. has merely been the servicer

of her consolidated student loan.  Since there is no debt due from the Plaintiff/Debtor to the Defendant, Sallie Mae, Inc., no purpose would be served in declaring the debt dischargeable.  In light of the foregoing, the court denies the application by the Debtor for entry of judgment by default against Sallie Mae, Inc. and will close this adversary proceeding.


Dated: September 7, 2010                **/S/Raymond T. Lyons**
                                        United States Bankruptcy Judge